

**Jarrod L. Schaeffer**
646-970-7339 (direct dial)
jschaeffer@aellaw.com
aellaw.com

**256 Fifth Avenue, 5th Floor**
**New York, New York 10001**

April 30, 2024

**By ECF**

Honorable Deborah K. Chasanow
United States District Judge
District of Maryland
6500 Cherrywood Lane, Ste 400
Greenbelt, Maryland 20770

  Re: *United States v. Michael George Verzaleno Jr., et al.*,
     Docket No. 23-cr-323-DKC

Your Honor:

  On behalf of all defendants in this matter (together, the "Defendants"), we write pursuant to Standing Order 2020-01, Misc. No. 00-308 (D. Md. Feb. 5, 2020), to raise concerns regarding the Government's failure to disclose material as required by *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); and Rule 5(f) of the Federal Rules of Criminal Procedure. Defendants believe that the Government possesses undisclosed information that is directly material to the offenses charged in this case, and which is favorable to the defense or relevant to impeaching expected Government witnesses. Extensive discussions over the course of months have failed to remedy this issue. Given the significance of the undisclosed information to their trial preparations, Defendants respectfully ask the Court to order its immediate production.

### RELEVANT BACKGROUND

  According to the Indictment, from in or about September 2013 through in or about January 2020, Defendants conspired among themselves and with two uncharged individuals, Eugene DiNoto and John Criscuolo, to defraud two companies (the "Companies") by submitting "false purchase invoices for drums that fraudulently overstated the amount of money the Companies owed Kearney [*sic*] Steel Container Corporation . . . ." (Dkt. 1 at 3 ¶ 10.) DiNoto was employed by the Companies during that period. (*Id.* at 2 ¶ 6.) And in return for his "approval and submission of [] false invoices for payment," Defendants allegedly paid DiNoto and Criscuolo "a share of the inflated invoice amounts in the form of cash kickbacks." (*Id.* at 3 ¶ 10.)

  The parties have engaged in an extended back-and-forth about discovery in this case, including Defendants' concerns that the Government has failed to produce exculpatory evidence concerning an internal investigation previously conducted by one of the Companies. As of this date, the Government continues to withhold certain material, including FBI 302s and reports of

witness interviews believed to be favorable to the defense on key subjects, and it has further failed to disclose other likely exculpatory material.

## LEGAL STANDARD

On October 11, 2023, the Court issued orders pursuant to Rule 5(f) as to each defendant that directed the Government, *inter alia*, "to adhere to the disclosure obligations set forth in *Brady* . . . and its progeny," and "to produce in a timely manner all exculpatory evidence to the defendant pursuant to *Brady* . . . and its progeny." (*See* Dkts. 24, 25, 28.) Notably, prosecutors have a duty "to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police" or others who are part of the investigative team. *Kyles v. Whitley*, 514 U.S. 419, 437 (1995); *United States v. Robinson*, 627 F.3d 941, 951 (4th Cir. 2010) ("*Brady*'s commands do not stop at the prosecutor's door; the knowledge of some of those who are part of the investigative team is imputed to prosecutors regardless of prosecutors' actual awareness.").

Courts look to three factors when considering a *Brady* claim and ask whether undisclosed evidence is: (1) favorable to a defendant because it is either exculpatory or impeaching; (2) material; and (3) possessed by the Government but not disclosed. *See United States v. Bartko*, 728 F.3d 327, 339 (4th Cir. 2013); *United States v. Bennett*, 464 F. App'x 183, 185 (4th Cir. 2012). "Favorable evidence is material 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of [a] proceeding would have been different.'" *United States v. Caro*, 597 F.3d 608, 619 (4th Cir. 2010) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). "A 'reasonable probability' is a probability sufficient to undermine confidence in [an] outcome," *Bagley*, 473 U.S. at 682; *Bartko*, 728 F.3d at 340 (same), which is satisfied if "the favorable evidence could reasonably be taken to put the whole case in [] a different light." *United States v. Ellis*, 121 F.3d 908, 915–16 (4th Cir. 1997) (quoting *Kyles*, 514 U.S. at 431–32, 434, and explaining that this standard does not require a "show[ing] by a preponderance of the evidence").

## DISCUSSION

Defendants believe that the Government has—or constructively possesses—undisclosed information that is favorable to the defense and either material to essential elements of the offenses charged or relevant for impeaching anticipated Government witnesses.

This includes material regarding a prior internal investigation conducted by Citrus and Allied Essences, Ltd. ("C&A"),[1] and presented to the Government, which found that the majority of transactions with Kearny Steel Container Corporation ("KSC") appeared to be legitimate. That is classic *Brady* material. Among other things, C&A concluded that although several *other* vendors likely defrauded C&A, most of its *legitimate* container purchases were with KSC and another company owned by Michael Verzaleno, Jr., called National Packaging Services, Inc. ("NPS"). At a subsequent presentation to the FBI by C&A's counsel, Faegre Drinker Biddle & Reath LLP ("Faegre"), Faegre reiterated that view based on its review of container purchase invoices, emails, overall usage estimates, and other materials. That an internal investigation by sophisticated counsel on behalf of the purported victim with access to all relevant company information revealed no fraud by KSC is compelling evidence that the Government has gotten it

---

[1] The Government has confirmed that C&A is Company A. (*See* Dkt. 43 at 2.)

wrong here. And although the Government relied heavily on information from C&A's internal investigation in its search warrant affidavit in this case, it has declined to obtain or produce all of the underlying materials considered by C&A.[2]

The Government also has declined to provide any evidence or explanation of its $9,887,793 forfeiture allegation. (*See* Dkt. 1 at 11 ¶ 3.) Given how the alleged scheme to defraud is defined (*see id.* at 3 ¶ 10), the only conceivable basis for C&A's purported loss is the value of drums purchased from KSC but allegedly never delivered to C&A. But which ones? Since the Government presumably based its estimate on *something*, undisclosed material regarding its analysis of actual deliveries likely exists.[3] Yet the Government refuses even to identify the invoices reflecting admittedly *real* deliveries, which are patently exculpatory. (*See id.* at 5 ¶ 19.) Moreover, the Government's estimate of loss from KSC transactions is fluid—morphing from zero in its 2021 search warrant affidavit, to part of approximately $9.2 million in 2022,[4] to sole responsibility for almost $9.9 million in 2023. (*Id.* at 11 ¶ 3.) Whatever has driven those wild swings, it is, at a minimum, of high impeachment value with respect to the Government's current estimation.

For these and other reasons, the Government is likely in possession of material information favorable to Defendants. Pursuant to Standing Order 2020-01, Defendants have submitted this letter to summarize the issue for the Court. In light of the significance of this matter, however, and the necessity of proper factual context to fully understand the relevant issues, Defendants respectfully request leave to file a supplemental submission of approximately fifteen pages, along with supporting exhibits, that more fully demonstrates the need for further disclosures by the Government.

Dated: April 30, 2024
       New York, New York

                                /s/ *Jarrod L. Schaeffer*
                                David M. Eskew
                                Jarrod L. Schaeffer
                                ABELL ESKEW LANDAU LLP
                                256 Fifth Avenue, 5th Floor
                                New York, NY 10001
                                (646) 970-7340 / -7339
                                deskew@aellaw.com
                                jschaeffer@aellaw.com
                                (*pro hac vice*)

---

[2] As Defendants observe in their separate *Franks* motion filed today, the Government's search warrant affidavit curiously omitted Faegre's conclusion that KSC's sales were legitimate.

[3] If not, that raises even more questions. Given the results of C&A's internal investigation, a failure to investigate actual drum deliveries would itself be powerful exculpatory evidence.

[4] *See United States v. DiNoto*, Case No. 21-cr-00342-DKC, Dkt. 74 at 14 (D. Md. May 3, 2022).

Evan T. Shea
VENABLE LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
(410) 528-4649
etshea@venable.com

*Counsel for Defendant Susan P. Carrano*